UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BASIL MARCEAUX, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-138-TAV-SKL |
| BELMONT UNIVERSITY, | ) ) ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Basil Marceaux ("Mr. Marceaux") filed this case *pro se* with an application to proceed *in forma pauperis* [Docs. 1 & 2]. In the past, and again in this case, Mr. Marceaux has burdened the Court with virtually unintelligible, rambling, disjointed, and frivolous pleadings.[1] Because I conclude his amended complaint [Doc. 5] still fails to state a claim for which relief may be granted, I recommend that this action be dismissed and that his application to proceed *in forma pauperis* be denied. In making this recommendation, I have considered that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

I also note Mr. Marceaux recently filed a document that he describes as a "Motion to ask the court to allow the moving party make typing mistake in the summary last filing," which the Clerk docketed as a motion to amend [Doc. 6], and a notice of manual filing along with what he claims is a "flash drive with a map that the county mayor office made for to support last filing."

---

[1] *See, e.g.*, *Marceaux v. Doe, et al*, 1:99-cv-00045; *Marceaux v. All Inferior State Courts*, 1:05-mc-00004; *Marceaux v. State of Tennessee,* 1:09-cv-00302-RAE-WBC; *Marceaux v. State of Tennessee, et al*, 1:10-mc-00004; *Marceaux v. State of Tennessee et al*, 4:10-cv-00075-HSM-WBC; *Marceaux v. U.S Marine Corp*, 1:12-cv-00399-CLC-WBC; *Marceaux v. City of Cleveland, TN*, 1:13-cv-00364-HSM-SKL.

[Doc. 7]. These filings only contribute to the conclusion that Mr. Marceaux has failed to file a coherent claim.

Mr. Marceaux's original complaint, titled an "Injunction of protection complaint for [] Protection for me from future damages," named Belmont University ("Belmont") as the sole defendant in the caption, but alleged no understandable allegations of wrongdoing by Belmont.[2] In an abundance of caution, however, the Court granted Mr. Marceaux time to file an amended complaint to attempt to cure the many noted deficiencies of his original pleading [Doc. 4]. The Court specifically forewarned Mr. Marceaux that if he filed an amended complaint that again failed to state a claim, this action would be dismissed [Doc. 4]. The Court also warned Mr. Marceaux that filing a frivolous, vexatious, or harassing amended complaint could result in additional sanctions [*id*.]. Mr. Marceaux timely filed what he titled an amended complaint [Doc. 5], but it, too, is nearly incomprehensible, undoubtedly frivolous, and clearly fails to state a claim.

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs, including non-prisoners seeking *in forma pauperis* status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.). The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a

---

[2] Mr. Marceaux continues to include "et al" following both his name and Belmont's name in the caption of his amended complaint without a comprehensible explanation of who the other plaintiffs might be or the nature of his claims against any other defendants.

party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*; Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Court does not need to reach the question of whether Mr. Marceaux is indigent because his amended complaint is clearly frivolous and fails to state a claim upon which relief can be granted under § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). *See, e.g., Pratt v. Ventas, Inc*., 365 F.3d 514, 522 (6th Cir. 2004) ("A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits, and is therefore done with prejudice." (internal quotation marks omitted)). Accordingly, I **RECOMMEND**[3] that Plaintiff's amended complaint [Doc. 5] be **DISMISSED WITH PREJUDICE**, that his application to proceed *in forma pauperis* [Doc. 2] be **DENIED as MOOT,** and that this case be closed.

If Mr. Marceaux continues to make frivolous filings in this case, I further **RECOMMEND** that he be required to obtain leave of court before he may make any further filings. S*ee Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (holding the proper procedure for handling a prolific, harassing, or vexatious filer is to enter an order requiring leave of court before the individual may file any further complaints, motions, or other documents); *Siller v. Haas*, 21 F. App'x 270, 271-72 (6th Cir. 2001) (enjoining petitioner from filing any civil lawsuits alleging factual or legal claims based upon or arising out of claims in the present action without first obtaining written certification from a judge that the claims asserted are not frivolous and that the suit is not brought for any

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fedn of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3

Case 1:18-cv-00138-TAV-SKL   Document 8   Filed 08/31/18   Page 3 of 4   PageID #: 72

improper purpose); *Rowe v. Register*, No. 1:07-cv-20, 2008 WL 2009186 *24 (E.D. Tenn. May 8, 2008) (exercising inherent authority and issuing a permanent injunction the court enjoined plaintiff from filing any further civil complaints, lawsuits, or pleadings of any kind against any of the specified persons without first obtaining the court's written approval).

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

4